110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armonetti T. CHARRIER, Defendant-Appellant.
 No. 95-50593.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided March 21, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 The district court did not abuse its discretion in excluding testimony that Charrier knew drug trafficking to be a capital offense in Malaysia even though such testimony was arguably relevant to show lack of knowledge that she was carrying heroin. The excluded evidence was cumulative since the same inference could be drawn from Charrier's voluntary presentation of the books and portfolios to the customs officials. Charrier was able to present her theory fully through her testimony that the books and portfolios had been given to her as parting gifts and that she was "shocked" to discover she had been carrying heroin.
 
 II.
 
 4
 The district court did not abuse its discretion in excluding expert testimony from Dr. Saint Martin regarding Charrier's personality. The testimony would not have been helpful to the jury, which had ample opportunity to observe Charrier and draw its own conclusions about her personality. Moreover, the testimony would have concerned matters within the common knowledge of the jurors and therefore not properly the subject of expert testimony. United States v. Christophe, 833 F.2d 1296, 1299 (9th Cir.1987).
 
 III.
 
 5
 The district court did not abuse its discretion in limiting the cross-examinations of Inspector Sarnecki and Agent Cressel. The questions defense counsel sought to ask were only minimally probative of bias and had already been answered by Inspector Ferdella and Agent Sinnigen. Defense counsel was able to suggest bias on the part of Sarnecki by asking whether he had met with the prosecutor prior to testifying. Furthermore, defense counsel offered no proof that Cressel's refusal to speak with the defense was motivated by bias.
 
 IV.
 
 6
 Alternatively, even if the district court did abuse its discretion in each of these matters, any error was harmless because the evidence was so overwhelming.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3